UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BERNARD GARY BEARY, | Case No. 2:14-cv-01153-APG-PAL |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS** |
| v. | (Dkt. Nos. 5, 7) |
| AT&T SERVICES, INC. | |
| Defendant. | |

## I. BACKGROUND

Bernard Gary Beary filed a complaint in Nevada state court alleging that AT&T Services, Inc. violated NRS § 613.340.[1]  That anti-retaliation statute prohibits employers from "discriminat[ing] against employees . . . because the employee . . . has opposed any practice made an unlawful employment practice by NRS 613.310 to 613.435, inclusive[.]"[2]  Beary alleges that he complained to AT&T's internal Ethics Hotline about AT&T's criteria for an upcoming layoff because the criteria apparently were based in part on age.  He further alleges that his complaint was not kept confidential, and that the company retaliated against him with excessive discipline and by creating a hostile work environment—both of which led to his constructive termination.  Beary was paid $30,000 per year as an AT&T employee.[3]

In the Complaint, Beary seeks damages in excess of $10,000.  He apparently is seeking at least $50,000 because he asserts an exemption from the Nevada state court's court-annexed arbitration program, which applies to cases involving damages "not in excess of $50,000."[4]  Beary admits as much in his Motion to Remand.[5]  Beary also seeks attorney's fees under NRS

---

[1] (Compl. ¶¶ 38–42, Dkt. No. 1 at 10.)

[2] NRS § 613.340(1).

[3] (Phillips Aff. ¶ 5, Dkt. No. 1 at 18.)

[4] Nev. Arbitration Rule 3(a).

[5] (Dkt. No. 7 at 4.)

§ 613.490. But that statute affords attorney's fees only for violations of NRS §§ 613.440–613.510, not for violations of the anti-retaliation statute under which Beary is presently suing.

Beary alleges in the Complaint that he had filed a charge with the federal Equal Employment Opportunity Commission ("EEOC"), but that the EEOC had not yet taken any action in response.

On July 14, 2014, AT&T timely removed the case to this Court on the basis of diversity jurisdiction.[6] AT&T alleges complete diversity of citizenship on basis that Beary is a Nevada citizen and that AT&T is incorporated in Delaware and has its principal place of business in Texas. AT&T asserted that the amount in controversy exceeds $75,000 because Berry is seeking more than $10,000 and his salary was $30,000. AT&T also has moved to dismiss the case, arguing that Beary failed to exhaust his administrative remedies.[7]

On July 18, 2014, Beary moved to remand on the ground that AT&T has not met its burden of proving that the amount in controversy exceeds $75,000.[8] AT&T reacted by filing an Amended Notice of Removal,[9] which was timely filed within 30 days of the date of service of the Complaint on AT&T.[10] The Amended Notice asserts federal question jurisdiction on the basis that (i) Beary's EEOC charge alleged violations of federal law under Title VII and the Age Discrimination and Employment Act ("ADEA"), indicating Beary's intent to assert rights afforded only under federal law; (ii) Beary's allegations of a "hostile work environment" sound in federal law; and (iii) Beary's only avenue to attorney's fees is through Title VII because the Nevada statute he cites does not afford him attorney's fees; accordingly, AT&T asserts, Beary's right to attorney's fees "depends on resolution of a substantial question under federal law."[11]

---

[6] (Notice of Removal, Dkt. No. 1.)

[7] (Mot. to Dismiss, Dkt. No. 5.)

[8] (Mot. to Remand, Dkt. No. 7.)

[9] (Am. Notice of Removal, Dkt. No. 9.)

[10] 28 U.S.C. § 1446(b); *see State Engineer of Nev. v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nev.*, 114 F. Supp. 2d 1046, 1047 n.2 (D. Nev. 2000).

[11] (Am. Notice of Removal 3.)

Further, AT&T raises the artful pleading doctrine by asserting that Beary's claims are actually federal in nature and that I should so recharacterize them.

Beary's next move was to file an Amended Complaint,[12] which I must disregard because removal jurisdiction based on federal question jurisdiction is determined from the complaint as it existed at the time of removal, not as subsequently amended.[13] "A postremoval amendment that *adds* a valid federal claim does not cure lack of removal jurisdiction at the time of removal."[14]

## II. ANALYSIS

### A. Legal Standard

With a few exceptions that are irrelevant for this case, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."[15] In other words, if the federal district court has subject matter jurisdiction over the case, it may be removed from state court to federal court.

Two grounds exist for subject matter jurisdiction in federal court: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.[16] The federal question statute provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[17] Federal question jurisdiction is proper if the plaintiff's right to relief depends on the resolution of a substantial federal question, which occurs when the plaintiff has a "serious federal interest in claiming the advantages thought to be inherent in a federal forum"[18] As put by the Ninth Circuit, "a federal

---

[12] (Am. Compl., Dkt. No. 13.)

[13] *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988).

[14] WILLIAM A. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:2506 (2014) (emphasis in original) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)).

[15] 28 U.S.C. § 1441(a).

[16] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

[17] 28 U.S.C. § 1331.

[18] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

court may have [federal question] jurisdiction if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'"[19]

The artful pleading doctrine provides that "[a]lthough the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim."[20] This doctrine "allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim."[21] However, the doctrine applies solely where the plaintiff's only claim is a federal one.[22] If a party "can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal."[23] In other words, a plaintiff can simply choose to not assert a federal claim in lieu of pursuing only her state law claims.

Diversity jurisdiction requires that all plaintiffs be "citizens of different states" from all defendants (i.e., "complete diversity"), and that the amount in controversy exceeds $75,000.[24] A corporation is a citizen of both its state of incorporation and the state where its principal place of business is located.[25]

In a removed case, the defendant always has the burden of establishing that the federal court has subject matter jurisdiction.[26] If the defendant asserts diversity jurisdiction, she must

---

[19] *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Grable*, 545 U.S. at 314).

[20] *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal quotation marks and citation omitted).

[21] *Id.* (internal quotation marks and citation omitted).

[22] FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:2567.

[23] *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citation omitted).

[24] 28 U.S.C. § 1332(a), (b).

[25] *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 714 (9th Cir. 2014).

[26] *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[27] Removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."[28] Likewise, federal courts must "strictly construe the removal statute against removal jurisdiction."[29]

### B. Diversity Jurisdiction

AT&T has established complete diversity of citizenship, but has not established that the amount in controversy exceeds $75,000. At most, Beary's desire to avoid arbitration in state court indicates an intention to seek at least $50,000 in damages. That Beary earned $30,000 per year is irrelevant without an indication from Beary as to the temporal scope of his desired damages. For example, two years of lost wages would amount to $60,000. In addition, as Beary points out, he may mitigate his damages by obtaining another job. Although conceivable that the amount in controversy could exceed $75,000, it is not more likely than not based on the evidence presently before me.

### C. Federal Question Jurisdiction

Beary chose to assert a state-law claim, and neither the establishment nor resolution of that claim necessarily raises a substantial federal issue. Under AT&T's logic, the filing of an EEOC charge which asserts violations of federal law would preclude the claimant from foregoing her federal claims and raising only her state law claims in state court. The filing of an EEOC charge cannot have that effect. As to the attorney's fees, Beary may not be able to recover them in state court. But that does not mean that he is necessarily seeking a Title VII remedy. More importantly, the grant or denial of attorney's fees is not a substantial federal issue; obtaining attorney's fees is not a serious advantage inherent to federal court.[30] In addition, whether NRS § 613.490 entitles Beary to attorney's fees is entirely a state law issue.

---

[27] *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).
[28] *Geographic Expeditions*, 599 F.3d at 1107 (internal quotation marks and citation omitted).
[29] *Id.* (internal quotation marks and citation omitted).
[30] *See Grable*, 545 U.S. at 313.

Finally, the term "hostile work environment" is not a talisman that automatically invokes federal discrimination law. That phrase is apt to describe a retaliatory situation that may give rise to liability under both state and federal law. AT&T's reliance on *Nosie v. Association of Flight Attendants* is misplaced, as the court there recharacterized her claims as arising under federal law because in her complaint she referred to "Civil Rights Laws" and asserted violations of "U.S. Citizens' Human Rights."[31] Beary pleaded nothing of that sort in his Complaint. He did not artfully plead his way around a federal claim; he merely pleaded a claim under a Nevada statute. To the extent his allegations also support a claim under federal law, Beary chose not to assert that claim, as was his right.

## III. CONCLUSION

In accord with the above, I hereby ORDER:

1. Beary's motion to remand (Dkt. No. 7) is GRANTED.

2. AT&T's motion to dismiss (Dkt. No. 5) is DISMISSED as moot.

DATED this 25th day of August, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[31] *Nosie v. Ass'n of Flight Attendants—CWA, AFL-CIO*, 722 F. Supp. 2d 1181, 1195 (D. Haw. 2010).